UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:12-CR-00017-TBR-LLK

GREGORY V. WILSON                                                          MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                               RESPONDENT/PLAINTIFF

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION[1]

This matter is before the Court on Movant's motion to vacate conviction and sentence pursuant to 28 U.S.C. 2255, to which the United States has responded in opposition, and Movant has replied. Dockets 38, 46, and 47. The Court referred the matter to the undersigned Magistrate Judge for findings of fact and recommendation. Docket 39.

Movant claims that he is entitled to be resentenced in the wake of Johnson v. United States, 135 S.Ct. 2551 (2015), which struck down as unconstitutionally vague a definition of "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another."

The claim is without merit and the RECOMMENDATION will be to DENY the motion (Docket 38) because Movant's Armed Career Criminal status was based on prior drug trafficking convictions, not a prior crime of violence.

---

[1] Movant's claims depend upon information contained in his presentence investigation report (PSI). PSIs fall outside the First Amendment's and the common law's presumption of right to public access to court documents. In re Morning Song Bird Food Litigation, 831 F.3d 765 (6th Cir.2016). A magistrate judge's findings of fact, conclusions of law, and recommendation, on the other hand, carry a presumption of public access. PSIs are filed under seal, in part, because they contain personal identifying information, and redaction of such information would be difficult to accomplish. Turner v. Milusnic, 2014 WL 4449918 n.3 (C.D.Cal.). Having balanced the competing interests in keeping PSIs confidential and satisfying the public's right of access to judicial decisions, the Court will decline to seal this report and recommendation and will allude to the contents of the PSI only to the extent it does not reveal personal identifying information, is necessary to understand the Court's reasoning process, and the information is otherwise available in public court records.

**Background facts and procedural history**

Movant pled guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1).

At sentencing, Movant admitted that he qualified as an Armed Career Criminal as contemplated by 18 U.S.C. 924(e)(1). Transcript of sentencing hearing, Docket 42, p. 3.

The Court sentenced Movant to the statutory minimum for a Section 922(g) / 924(e) conviction, which was 15 years' imprisonment.

**Background legal information**

The Armed Career Criminal Act, 18 U.S.C. 924(e), imposes a statutory mandatory minimum sentence of 15 years where the defendant has 3 or more earlier convictions for a "serious drug offense" or a "violent felony." The prior serious drug offense or violent felony must have been "committed on occasions different from one another." Section 924(e)(1).

Section 924(e)(2)(B) defines "violent felony" as:

(B) [A]ny crime punishable by imprisonment for a term exceeding one year ... that --

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another** *(emphasis added)*;

Johnson, supra, announced that Sub-section (B)(ii), the so-called "residual clause," is unconstitutionally vague and "denies fair notice to defendants and invites arbitrary enforcement by judges." Johnson, supra, at 2557.

Welch v. United States, 136 S.Ct. 1257 (2016) held that Johnson announced a new, substantive rule that has retroactive effect in cases on collateral review. That is, a Johnson claim may be asserted in a Section 2255 motion and not only on direct appeal.

**Movant's Johnson claim is without merit.**

Movant's Johnson claim is without merit because Movant qualified as an Armed Career Criminal based solely on his having "three previous convictions … for a … serious drug offense … committed on occasions different from one another" as contemplated by 18 U.S.C. 924(e)(1).

Section 924(e)(2)(A) of the Armed Career Criminal Act defines a "serious drug offense" as, among other things:

> (A)(ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance …, for which a maximum term of imprisonment of ten years or more is prescribed by law;

The Fulton Circuit Court previously convicted Movant of four counts of first-degree, first-offense trafficking in a controlled substance (cocaine). See Presentence Investigation Report (PSI), Docket 23, Paragraph 48. Movant committed these offenses on different occasions: September 8, 2006, September 13, 2006, September 20, 2006, and October 21, 2006, respectively. Id. The maximum term of imprisonment for each count was ten years. See Plea Agreement, Docket 15, Paragraph 3(C) ("The parties agree [that] … each count [constitutes] a felony punishable by a maximum term of imprisonment of ten (10) years or more"); see also Kentucky Revised Statutes (KRS) 218A.1412(3)(a) (defining certain first-degree, first-offense trafficking offenses as Class-C felonies) and KRS 532.060(2)(c) (specifying that the maximum penalty for a Class-C felony is 10 years).

The PSI states that Movant is an Armed Career Criminal because he has at least three prior convictions for "a violent felony or serious drug offense, or both, which were committed on different occasions." Docket 23, Paragraph 33.

There is, however, no evidence that Movant committed any previous violent felony. A review of Movant's criminal history reveals nothing that seems to qualify as a violent felony. See Criminal History section of PSI, Docket 23, Paragraphs 38-62. At the sentencing hearing, Movant admitted that he qualified as a Career Criminal (Docket 42, p. 3), but there was no discussion of the basis for the

admission. As indicated above, Movant committed at least three previous serious drug offenses in September and October of 2006.

Johnson struck down utilization of certain violent felonies under the residual clause for purposes of determining Career Criminal status. Movant apparent committed no previous violent felony, hence, Johnson is inapplicable. In any event (alternatively), Movant's Career Criminal status remained without or without a prior violent felony in light of his prior serious drug offenses, rendering Johnson inapplicable.

### Movant's remaining claims lack a factual and legal basis.

Movant's second claim is that there was a lack of probative, certified evidence of a prior state-court violent felony conviction. The argument is unpersuasive because it is based on a false assumption that Movant had a violent felony conviction and/or that his Career Criminal status depended on it. Additionally (or alternatively), Respondent has submitted a letter from the prosecution to defense counsel and a letter from the prosecution to the probation officer who prepared the PSI, which indicate that sufficiently-probative evidence of relevant state-court convictions was provided. Docket 46-2.

Movant's third claim is that, in light of the lack of probative evidence of relevant state-court convictions, this Court lacked jurisdiction to convict him under the Armed Career Criminal Act. The claim lacks a factual and legal basis.

Movant's fourth and final claim is that this Court's issuance of an unauthorized conviction rose to the level of judicial misconduct. The claim lacks a basis in fact and law.

### The plea agreement's waiver provision is not of case-dispositive significance.

The Court agrees with Respondent that Movant's claims are without merit and will presently address Respondent's alternative position that Movant waived his right to file the present Section 2255 motion.

Movant entered his plea agreement in 2012 (Docket 15), prior to the Johnson decision in 2015. One of the terms of the agreement was that: "The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence … and (b) to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. 2255 for ineffective assistance of counsel or otherwise." Plea Agreement, Docket 15, Paragraph 12.

In United States v. McBride, 826 F.3d 293 (6th Cir.2016), the Court held that McBride could raise a Johnson claim upon direct appeal notwithstanding a plea agreement memorializing an understanding (implied waiver) that he would be sentenced as a career offender. The Court's rationale was, in part, that Johnson had not been decided when McBride entered the plea agreement and only known rights can be intentionally relinquished.

In United States v. Wall, 2016 WL 4801272 (E.D.Mich.), the Court granted Wall's Section 2255 motion because his sentence was based on a Guidelines sentencing range, which contemplated that he had a prior felony conviction of a crime of violence under the Guidelines residual clause, which subsequent case-law invalidated. The Court extended McBride, supra, and rejected the United States' reliance on a waiver provision identical to the present one. See also United States v. Fugate, 2016 WL 5387697 (S.D.Ohio) (Fugate's plea agreement did not waive his right to assert a Johnson claim in a Section 2255 motion).

While the Court agrees with Respondent that Movant's Johnson claim is barred by the waiver provision, this requires a prior conclusion that the underlying Johnson claim is without. The plea agreement's waiver provision is not (independently) of case-dispositive significance.

**RECOMMENDATION**

The Magistrate Judge RECOMMENDS that the Court DENY Movant's motion to vacate conviction and sentence pursuant to 28 U.S.C. 2255 (Docket 38) and DENY a certificate of appealability.[2]

**NOTICE**

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.1984).

---

[2] The Court should deny a certificate of appealability unless it is persuaded that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).