UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:12-CR-00017-TBR

GREGORY V. WILSON                                                   MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                        RESPONDENT/PLAINTIFF

**Memorandum Opinion and Order**

This matter is before the Court upon Movant Gregory V. Wilson's *pro se* motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. [DN 38.] This Court referred the matter to Magistrate Judge Lanny King for findings of fact, conclusions of law, and a recommendation. [DN 39.] The Magistrate Judge recommends that Wilson's motion be denied. *See* [DN 49.] Wilson has filed objections to portions of the Magistrate Judge's report. [DN 50.] The Court must review *de novo* those portions of the Magistrate Judge's recommended disposition to which Wilson objects. 28 U.S.C. § 636(b)(1)(C). After careful consideration of Wilson's objections and the record, the Court agrees with the Magistrate Judge that Wilson's motion is without merit. Therefore, for the following reasons, Wilson's motion to vacate his sentence and conviction pursuant to § 2255 [DN 38] is DENIED. Furthermore, the Court DENIES a certificate of appealability as to all grounds raised in his motion.

## I. Facts and Procedural History

For the purposes of Wilson's § 2255 motion, the facts are undisputed. Wilson pled guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See* [DN 15.] At sentencing, Wilson admitted that he qualified as an armed career criminal under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act (ACCA). [DN 42 at 3.] The Court sentenced Wilson to fifteen years' imprisonment, the statutory minimum under 18 U.S.C. §§ 922(g) and 924(e).

Subsequently, the Supreme Court held in *Johnson v. United States*, __ U.S. ___, 135 S. Ct. 2551 (2015), that ACCA's "residual clause" is unconstitutionally vague. Based upon *Johnson* and its progeny, Wilson now moves the Court to vacate his conviction and sentence. *See* [DN 38.] The Magistrate Judge recommends that Wilson's motion be denied because Wilson was not sentenced under ACCA's residual clause. [DN 49 at 3-4.] Rather, Wilson qualifies as an armed career criminal because of his four convictions for first-degree cocaine trafficking in Kentucky state court. [*Id.* at 3.] Wilson filed objections to the Magistrate Judge's report, [DN 50], and the time for filing a response has passed. This matter is ripe for adjudication.

## II. Standard of Review

A prisoner may request that his sentence be set aside on the grounds that it was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "The statute does not provide a remedy, however, for every error

that may have been made in the proceedings leading to conviction," but only "when the error qualifies as a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Slater v. United States*, 38 F. Supp. 2d 587, 589 (M.D. Tenn. 1999) (quoting *Reed v. Farley*, 512 U.S. 339 (1994)).

### III. Discussion

The Armed Career Criminal Act provides that "a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another" is subject to a fifteen-year mandatory minimum sentence. 18 U.S.C. § 924(e)(1). Pertinent to Wilson's case, ACCA defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii). A "violent felony," meanwhile, is:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

*Id.* § 924(e)(2)(B) (emphasis added). In *Johnson*, the Supreme Court held that the italicized language, ACCA's "residual clause," is unconstitutionally vague because it

3

"denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson v. United States*, __ U.S. ___, 135 S. Ct. 2551, 2557 (2015).

In this case, the Magistrate Judge correctly pointed out that nothing in Wilson's criminal history would seem to qualify as a "violent felony" under the residual clause or any other part of ACCA. *See* [DN 49 at 3; DN 23 at 7-20.] Rather, Wilson qualified as an armed career criminal because of four state convictions that qualified as "serious drug offense[s]" under § 924(e)(2)(A)(ii). Accordingly, the Magistrate Judge correctly concluded that Wilson was not sentenced under ACCA's residual clause, because that clause only applies when the government seeks a sentence enhancement because the defendant has previously committed "violent felon[ies]." Therefore, Wilson is not entitled to relief under *Johnson* and its progeny.

Nevertheless, Wilson objects to the Magistrate Judge's conclusion that the crimes giving rise to his state drug convictions were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). His argument stems from the fact that his four convictions arose from a single indictment, were part of the same case in Fulton County, Kentucky Circuit Court, and were disposed of by the state court on the same day. *See* [DN 50 at 1.] Wilson's presentence report, to which he did not object, indicates that on August 9, 2007, the Fulton Circuit Court sentenced Wilson on four separate counts of trafficking in a controlled substance (cocaine), first degree, first offense. [DN 23 at 14.] The court sentenced Wilson to five years' imprisonment on each count, with the first three counts to run consecutive to each

4

other – a total of fifteen years. [*Id.*] Importantly, though, the indictment giving rise to his state convictions indicated that each offense was committed on a separate date, each approximately one or two weeks apart. [*Id.*] Wilson seems to suggest that this series of charges arose from "an on-going [sic] investigation sting." [DN 50 at 1.]

According to Wilson, his four convictions constitute only a single offense, and the Court therefore erred in concluding that he qualifies as an armed career criminal under ACCA. The Sixth Circuit rejected a similar argument in *United States v. Roach*, 958 F.2d 679 (6th Cir. 1992). Like Wilson, Roach was convicted of being a felon in possession of a firearm (among other things). *Id.* at 680. The sentencing court found that Roach was an armed career criminal under ACCA because he had four prior convictions for either a violent felony or a serious drug offense. *Id.* at 683. On appeal, Roach argued that his three prior drug convictions constituted only a single offense because "all of the convictions occurred on the same date and stemmed from the same indictment." *Id.* Roach also claimed that two of the convictions "resulted from the sale [of narcotics] to the same undercover agent." *Id.* Further, his offenses were close in time to each other – the first and second were committed on consecutive days, and only fifteen days separated the first offense from the last. *Id.* The Sixth Circuit upheld Roach's conviction and sentence, holding that "[b]ecause [Roach] committed drug offenses on three different days . . ., these offenses do not constitute a single criminal episode, and the district court properly enhanced [Roach's] sentence pursuant to 18 U.S.C. § 924(e)(1)." *Id.* at 684.

*Roach* is squarely on point with the case at bar. While the record does not contain any detail as to the facts underlying Wilson's four drug convictions in 2007, each conviction appears to have arisen from an offense committed on a different occasion. Even if the crimes were part of an ongoing sting operation, as Wilson suggests, because his "predicate offenses occurred on occasions different from one another, Congress intended that they not be regarded as a single criminal episode." *Id.* (citations and internal quotation marks omitted). *See also United States v. Davis*, 643 F. App'x 548, 551 (6th Cir. 2016) (the "different occasions clause may be satisfied even where offenses were proximate in time, . . . no intervening arrest or conviction occurred, . . . counts of the indictment were charged together, . . . and concurrent sentences were imposed.")[1]

### IV. Certificate of Appealability

The appeal of a dismissal of a habeas petition is governed by 28 U.S.C. § 2253(c). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a claim is also dismissed on procedural grounds, then the petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 478.

---

[1] Wilson's reliance upon the Sentencing Guidelines is misplaced. He cites a Guidelines provision that instructs the trial court to count prior sentences separately unless "the sentences resulted from offenses contained in the same charging instrument[] or . . . the sentences were imposed on the same day." U.S.S.G. § 4A1.2(a)(2) (2012). But that Guideline applies to the calculation of the defendant's criminal history, not the determination of his number of prior serious drug offenses under ACCA.

6

The substantive analysis in this case does not afford an opportunity for reasonable jurist to disagree. Accordingly, the Court declines to issue a certificate of appealability.

## V. Conclusion and Order

The above matter having been referred to Magistrate Judge King, who has filed his Findings of Fact and Conclusions of Law, objections having been filed thereto, and the Court having considered the same, IT IS HEREBY ORDERED:

(1) The Court ADOPTS the Findings of Fact and Conclusions of Law as set forth in the report submitted by the Magistrate Judge [DN 49], and OVERRULES Petitioner's Objections [DN 50];

(2) Petitioner's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 [DN 38] is DENIED;

(3) A Certificate of Appealability is DENIED as to each claim asserted in his motion.

A separate judgment shall issue.

CC: Counsel of Record
Movant, *pro se*