UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH
CIVIL ACTION NO. 5:17-CV-00017-TBR

UNITED STATES OF AMERICA                                              Plaintiff

v.

GEGORY V. WILSON                                                      Defendants

**OPINION AND ORDER**

This matter comes before the Court upon motion by the Defendant, Gregory Wilson, for jail credit. (R. 53). The United States has responded, (R. 54), and this matter is now ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Wilson's motion (R. 53) is **DENIED**.

**Background**

In May of 2012, Gregory Wilson was indicted by a federal grand jury for being a felon in possession of a firearm. (R. 1). He was writted out of McCraken County Jail at Paducah where he was already in custody, and on February 27th Wilson was sentenced by this Court to 180 months in prison. (R. 26). That sentence was to run consecutive to the state sentences Wilson was already serving. Wilson now request jail credit for time served during the federal case's pendancy. (R. 53). The Government opposes the request, stating Wilson presumably received credit towards his state sentence for that time. (R. 54).

**Discussion**

The Court must deny Wilson's motion for two reasons. First, "it is the Attorney General, through the Bureau of Prisons, and not the district court, that is authorized pursuant to 18 U.S.C.

1

§ 3585(b) to grant a defendant credit for time served prior to sentencing." *United States v. Smith*, LEXIS 9343, at *1 (6th Cir. 1998) (citing *United States v. Wilson*, 503 U.S. 329, 333, 112 S. Ct. 151,117 L Ed. 2d 593 (1992)). While a district court may review the credit computation Under 28 U.S.C. § 2241, Wilson must first exhaust all his administrative remedies through the Bureau of Prisons. *United States v. Dowell*, 16 F. App'x 415, 420 (6th Cir. 2001). He has given no indication that he has done so. (R. 53). Thus, this Court has no jurisdiction over Wilson's claim for jail credit. *See United States v. Santana*, No. 3:13-cr-00007-TBR, 2018 U.S. Dist. LEXIS 89576 (W.D. Ky. May 30, 2018) (denying an inmates motion for jail-time credit because he gave no indication that he had exhausted his administrative remedies).

Second, even if Wilson had exhausted his administrative remedies through the Bureau of Prisons, this Court would still lack jurisdiction. The proper place to petition for a writ of habeas corpus under 28 U.S.C. § 2241 is with the court having jurisdiction over the inmate's custodian. *United States v. Bray*, No. 1:07CR-1-GNS, 2015 U.S. Dist. LEXIS 7904 (W.D. Ky. Jan. 22, 2015) (citing *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *Wright v. United States Bd. Of Parole*, 557 F.2d 74, 77 (6th Cir. 1977)). Wilson is incarcerated in Forrest City Correctional Complex, which is in Arkansas. (R. 53). Because Wilson is not incarcerated in the same federal district (or even the same state) as this Court, this Court would lack the jurisdiction necessary to entertain a potential petition under § 2241.

For these reasons the Court must deny Wilson's motion (R. 53).

## Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant Gregory Wilson's motion for jail credit (R. 53) is **DENIED.**

**Thomas B. Russell, Senior Judge
United States District Court**

September 27, 2018

cc: Counsel, dft pro se